### ROACH v. HAILE GOLD MINING CO.

NONSUIT—MASTER AND SERVANT.—The testimony in this case tending to show that defendant had adopted the "skip car" as one of its appliances for transporting its employees, that it was defective, that plaintiff knew of the defect, did not report it to defendant, but was injured while riding on it, being susceptible of more than one inference, nonsuit was properly refused.

Before GAGE, J., Lancaster, March, 1904. Affirmed.

Action by Charlie W. Roach against Haile Gold Mining Co. From judgment for plaintiff, defendant appeals.

*Messrs. Williams & Williams,* for appellant, cite: *Plaintiff assumed the risk of riding on the car, and defendant is not liable:* 20 Ency., 2 ed., 125; 55 S. C., 101; 170 U. S., 671; 66 S. C., 485.

*Mr. J. Harry Foster,* contra, cites: *Master must furnish safe and suitable appliances:* 34 S. C., 211; 18 S. C., 262, 275; 52 S. C., 446; 32 S. C., 302; 63 S. C., 576; 61 S. C., 468. *Assumption of risk is for jury:* 55 S. C., 101; 66 S. C., 485; 63 S. C., 576; 53 S. C., 360; 52 S. C., 443; 35 S. C., 405; 60 S. C., 14; 51 S. C., 233; 48 S. C., 384.

March 9, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff through the negligence of the defendant in failing to provide suitable and safe appliances. The jury rendered a verdict in favor of the plaintiff for $500. The defendant appealed upon the following exceptions:

"1st. That the presiding Judge erred in refusing defendant's motion for a nonsuit, the undisputed evidence being such as to be capable of but one inference, to wit: That the plaintiff knew of the alleged defects in the skip car, tracks and other appliances, and the dangers involved on account of said defects in riding upon said skip car, and that said skip car was used by him with full knowledge of said defects, and the dangers incident thereto, and that he gave no notice of such defects and incident dangers to the defendant, and thereby assumed all risk of injury to himself, when he rode upon said cars.

"2d. That the plaintiff having testified that he knew of the defects in the defendant's skip car, skip car track and other appliances, and the dangers of riding on said skip cars, it appearing that he gave no notice of such defects, and incident dangers, to the defendant, but entered upon and rode upon said car with full knowledge of said defects and dangers, the presiding Judge should have held that the plaintiff, when he entered upon said car, assumed all risk of injury to his person by riding thereon, and that he could not recover damages from the defendant for his said injuries.

"3d. The presiding Judge should have held that the plaintiff had full knowledge of the defects in the defendant's skip car, skip car tracks and other appliances, and of the danger and risk of riding upon said skip car, and with this knowledge and without giving any notice of such defect to the defendant, entered upon and rode upon said skip car, and that in so doing the plaintiff assumed all risk and hazard incident to riding upon said skip car, and was not entitled to recover any damages of the defendant for injuries received while riding upon said car; and should have granted defendant's motion for a nonsuit made upon these grounds."

It is one of the primary duties resting on the master to furnish safe and suitable appliances for his servants; and when a servant sustains injury from a defect in the machinery, there is *prima facie* evidence of negligence on the part of the master. The servant is not required to give notice to the master that the appliances are defective.

There was testimony tending to show that the "skip car" was adopted by the defendant as one of the appliances for transporting its employees. The fact that the plaintiff had knowledge of the defective condition of the "skip car," does not necessarily show that he was not entitled to recover damages. The inference to be drawn from such fact is usually to be determined by the jury. The Court can only pass upon the facts, when but one inference is to be drawn from the testimony. The testimony in this case was susceptible of more than one inference. The exceptions are, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.